**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000463
21-OCT-2024
07:51 AM
Dkt. 256 SO**

CAAP-21-0000463
(Consolidated with Nos. CAAP-21-0000490 and CAAP-21-0000492)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RONDA BESELT, Plaintiff-Appellant, v.
WALDORF=ASTORIA MANAGEMENT LLC, a foreign limited
liability company; DEPARTMENT OF LAND AND NATURAL
RESOURCES, STATE OF HAWAIʻI, Defendants-Appellees,
and
JOHN DOES 1-5; JANE DOES 1-5; ROE CORPORATIONS 1-5;
ROE NON-PROFIT CORPORATIONS 1-5; AND
ROE GOVERNMENTAL AGENCIES 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC161000597(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff-Appellant Ronda Beselt (**Beselt**) appeals from the November 15, 2021 Final Judgment (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**)[1] in favor of Defendant-Appellee Waldorf=Astoria Management LLC, a foreign limited liability company (**Waldorf**). Beselt also challenges the Circuit Court's March 14, 2019 Order Granting in Part and Denying in Part [Waldorf's] Motion to Compel Discovery, Filed on January

_____

[1] The Honorable Peter T. Cahill presided.

14, 2019 (**March 14, 2019 Discovery Order**), June 24, 2019 Order Denying [Beselt's] Motion for Reconsideration of the [March 14, 2019 Discovery Order] (**Order Denying Reconsideration re Discovery**), and August 12, 2019 Order Granting Michael Jay Green and Peter C. Hsieh's Motion to Withdraw as Counsel for [Beselt], Filed on June 14, 2019, (**Order Granting Motion to Withdraw**).[2]

Beselt raises seven points of error on appeal, contending that the Circuit Court: (1) abused its discretion when it determined that it had subject matter jurisdiction and personal jurisdiction over her because she was mentally incapable of entering into a settlement agreement with Waldorf (**Settlement Agreement**); (2) abused its discretion when it prematurely cut off all discovery six months prior to the discovery deadline as a sanction for Beselt's noncompliance; (3) erred in refusing to set aside the Settlement Agreement because the Circuit Court did not ascertain whether Beselt had mental capacity to settle the case; (4) abused its discretion in permitting Beselt to enter into the Settlement Agreement where there was undue influence on her to enter the agreement; (5) abused its discretion in allowing counsel to withdraw during settlement negotiations; (6) abused its discretion in entering the March 14, 2019 Discovery Order and the June 24, 2019 Order Denying Reconsideration re Discovery; and

---

[2] Beselt also identifies, but makes no argument concerning, the Circuit Court's August 10, 2021 Order Granting Defendant [Waldorf's] Motion to Deposit Settlement Funds, September 1, 2021 Order of Dismissal with Prejudice of All Claims and All Parties, and the July 23, 2021 Order Denying [Beselt's] Motion for Reconsideration of the Order Denying [Beselt's] Motion to Stay the Proceeding and Set Aside Settlement Agreement, Filed June 19, 2021.

(7) erred in dismissing her claims because Waldorf's actions in discovery were fraudulent and misled the court.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Beselt's points of error as follows:

(1) Beselt argues, vaguely and confusingly, that the Circuit Court lacked both subject matter jurisdiction over the proceedings to put a settlement on the record and personal jurisdiction over Beselt because she lacked mental capacity at the time.

"[S]ubject-matter jurisdiction is fundamental to a court's power to act on the merits of a case from the outset of the action; it may be challenged at any time, but jurisdiction does not vacillate during the course of a case depending on the particulars of the matter as it develops." Schwartz v. State, 136 Hawaiʻi 258, 263, 361 P.3d 1161, 1166 (2015). "[J]urisdiction is not a light bulb which can be turned off or on during the course of the trial." Id. at 262, 361 P.3d at 1165 (citation and internal quotation marks omitted). Beselt makes no cogent argument and cites to no authority that would oust the Circuit Court of its jurisdiction with respect to the Settlement Agreement.

Regarding personal jurisdiction, Beselt argues that the Circuit Court should have ensured that a *pro se* litigant, such as Beselt, was competent at the time she entered into the agreement with Waldorf, and that "the record" demonstrates that Beselt did

not possess the cognitive or volitional capacity to contract at the time she entered in the Settlement Agreement.[3]   That said, the evidence that Beselt contends demonstrates her lack of capacity to enter into the Settlement Agreement is not in the record on appeal; it refers to two *post-appeal* unsworn medical reports that were not brought to the Circuit Court's attention. Beselt acknowledges that this court has ruled that these reports cannot be introduced in her opening brief.  Beselt makes no cogent argument and cites no applicable authority supporting her contention that the Circuit Court lacked personal jurisdiction over her.

We conclude that this point of error is without merit.

(2)  Beselt argues that the Circuit Court abused its discretion when it "cut off all discovery" six months prior to the discovery cut-off.  Upon review of the record, we conclude that there was no early discovery cut-off per se.  Rather, due to extensive delays and Beselt's interference with the discovery process – including issues related to the providing of authorizations to release medical and employment records, and heavy redaction of records after the Circuit Court ordered (many months earlier) that Beselt had 10 days to execute releases and "there will be no redactions" – in the March 14, 2019 Discovery Order, the Circuit Court ordered that Beselt would not be permitted to produce additional documents, testimony by lay and

---

[3]     We note that, while Beselt was not formally represented by counsel at the time the Settlement Agreement was put on the record before the Circuit Court (because prior counsel withdrew), it appears that she engaged with a Honolulu attorney to review the settlement documents and provide counsel to her.

expert witnesses would be limited to information contained in the records Beselt previously produced, and Beselt was barred from recovery for damages or lost earnings or earnings capacity. These sanctions were tailored to address the nature of the discovery interfered with. Upon review of the record before the Circuit Court, particularly with respect to the delays, failures and active interference with the discovery process, we conclude that the Circuit Court did not abuse its discretion in entering the March 14, 2019 Discovery Order.

(3) In her third point of error, Beselt again argues that the Settlement Agreement between her and Waldorf should be voided or set aside on the grounds that the Circuit Court did not have jurisdiction because Beselt lacked mental capacity to enter into an agreement. For the reasons set forth above, we conclude this argument is without merit.

(4) Beselt contends that the Settlement Agreement should be voided by this court because it was entered into based on undue influence. Beselt does not point to where in the record of the Circuit Court proceedings this argument was made and does not challenge any particular order of the Circuit Court. We conclude that this argument is waived. Hawaiʻi Rules of Appellate Procedure (**HRAP**) 28(b)(4) & (7).

(5) Beselt argues that the Circuit Court abused its discretion when it allowed Beselt's counsel to withdraw "on the eve of final settlement negotiations," and insinuates that the Circuit Court exhibited bias against her. Beselt did not seek to recuse or disqualify the presiding Circuit Court judge and thus

her related contentions are waived.[4] Beselt makes no cogent arguments on appeal concerning counsel's stated reasons for their motion to withdraw, and she does not point to where in the record she brought the asserted issues to the Circuit Court's attention.

This court nevertheless has carefully reviewed both the openly-filed and sealed records related to counsel's withdrawal (which were sealed to protect Beselt's attorney-client privilege). It is clear from the sealed portion of the transcript of the July 19, 2019 hearing that the Circuit Court carefully assessed Beselt's opposition to the motion to withdraw and her assertions of prejudice, and carefully weighed the specific facts averred by counsel with the prejudice and potential prejudice to Beselt. After weighing the declarations and arguments of counsel and Beselt, the Circuit Court found that the specific factual circumstances presented to the court warranted approving the withdrawal of counsel, and the court exercised its discretion accordingly. The court ordered counsel to take specific, immediate steps to mitigate the prejudice to Beselt. Upon review, we conclude that the Circuit Court did not abuse its discretion in entering the Order Granting Motion to Withdraw.

(6) Beselt further argues that the Circuit Court abused its discretion in entering the March 14, 2019 Discovery Order, and abused its discretion in entering the Order Denying Reconsideration re Discovery. The gravamen of Beselt's argument

---

[4] We note that we detect no support whatsoever in the record for this assertion.

is that the discovery sanctions contained in the March 14, 2019 Discovery Order, specifically the remedies barring recovery for lost wages or future earning loss, was an abuse of discretion because those sanctions were not specifically requested in the underlying motion to compel and exceeded the relief orally ordered by the court. The latter argument is wholly without merit as the March 14, 2019 Discovery Order accurately reflects the substance of the Circuit Court's oral rulings, and the written order was approved and entered by the Circuit Court. Beselt cites no authority for the proposition that language of a court's written order must precisely match its oral statement of its ruling, and we find none.

Regarding the formulation of the relief provided to Waldorf, at the March 13, 2019 hearing on the motion to compel, the Circuit Court noted, for example, the unprecedented number of medical providers identified by Beselt for whom records either had not been provided or had been incompletely provided (well over 100), notwithstanding the court's prior directives. The court expressed concern over the proportionality of the outstanding discovery in light of the nature of the case. The barring of lost wages and future earnings remedies was directly tied to Beselt's blocking of the release of relevant employment records. Nevertheless, the Circuit Court invited Beselt to immediately address the critical discovery failures, and to file a motion for reconsideration. The motion for reconsideration was filed, and some further records were produced, but as evidenced by Waldorf's response to the motion for reconsideration,

including the supporting declaration of counsel and exhibits, significant production failures remained outstanding. Upon review, we conclude that the Circuit Court did not abuse its discretion in formulating the relief reflected in the March 14, 2019 Discovery Order, or in denying reconsideration, after allowing Beselt a further opportunity to address the outstanding issues.

(7) Beselt presents no argument in support of her final point of error. Therefore, this argument is waived. See HRAP Rule 28(b)(7).

For these reasons, the Circuit Court's November 15, 2021 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, October 21, 2024.

On the briefs:

Barry L. Sooalo,
for Plaintiff-Appellant.

Calvin E. Young,
Stacy Y. Ma,
Deirdre Marie-Iha,
Thomas J. Hughes,
(Goodsill Anderson Quinn &
 Stifel),
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge